Bante v. Bante.

CHARLOTTE BANTE, Respondent, v. LOUIS BANTE, Appellant.

St. Louis Court of Appeals, May 6, 1913.

1. APPELLATE PRACTICE: Action for Maintenance: Conclusiveness of Finding. In an action by a wife for maintenance, where the evidence is conflicting but is ample to sustain the finding in favor of the wife, the judgment based thereon will not be disturbed on appeal.

2. MAINTENANCE: Sufficiency of Evidence. In an action by a wife against her husband, who was worth about $20,000, for separate maintenance, evidence *held* to justify a judgment allowing her twenty dollars a month and $150 suit money.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*D. C. Taylor* for appellant.

*Collins, Barker & Britton* and *C. K. Rowland* for respondent.

ALLEN, J.—This is an action by a wife against her husband, for separate maintenance. The trial court found that plaintiff was entitled to recover of defendant, for support and maintenance, in the sum of $20 per month, and in the further sum of $150 as suit money; and judgment was entered accordingly. From this judgment the defendant has appealed.

It appears that the parties, who at the time of the trial were each about sixty-seven years of age, were married in St. Louis county in 1866. Eight children were born of the marriage, all of whom are grown; The record shows that in 1900 appellant went to Germany, and that he and respondent did not again live together until the year 1903. During this time respondent lived with a daughter, and it seems received no support from her husband. In 1902 appellant instituted a suit for divorce against respondent in the circuit court of St. Louis county. It appears that a decree of divorce was denied him, and in 1903 the parties became reconciled and took up their abode with an unmarried daughter who was keeping house in the city of St. Louis, and where they continued to live for several years. It seems that appellant agreed to pay the daughter eighteen dollars a month board for himself and wife, and did so for about eighteen months, and then ceased to pay anything; that they remained at this place until 1907, although it appears that for some time during the latter part of this period, they occupied separate rooms and were not on good terms. There was evidence that during this period appellant frequently refused to talk to respondent; that he would go away for days, and even for weeks at a time, without stating where he was going or giving any explanation concerning his absence, although there was evidence from which it might be inferred that he was away on business; that respondent during this period did work for her daughter, cared for a cow and sold milk and butter, and that she and her daughter worked for other people.

It seems that in December, 1907, appellant had a difficulty with his daughter over the matter of connecting a gas stove with her meter, and it seems that in trying to force open a door, and which the daughter endeavored to prevent, his hand was caught in the door and somewhat injured. It appears that the difficulty

lasted all day, resulting in the police being called in in the evening. Appellant then left the house. There was evidence that respondent was sick in another room of the house at the time.

Thereafter respondent remained at the home of this daughter until the following year, during which time it appears appellant gave her one dollar. After this time respondent, it seems, lived with first one of her children and then another, during which time appellant gave her twenty-five dollars and paid a hospital bill of fifty-two dollars, although there was evidence that appellant contributed something to a son for respondent's support during a part of this time, and he claims to have paid certain bills.

There is considerable testimony *pro* and *con* relating to the defense sought to be interposed by appellant to the effect that he was at all times ready and willing to support and care for respondent and to provide her a home, and that he frequently solicited respondent to go with him and live in the house which he owned at Ballwin, in St. Louis, county, but that she refused so to do. The evidence touching this question is contradictory, and there is ample in the record to justify the conclusion that such offers or solicitations as appear to have been thus made by appellant were not made in good faith. There is positive testimony on the part of respondent that on one occasion when she prepared to go with appellant to the old home in Ballwin he said to her, "You can go and I will stay here."

It would serve no useful purpose to set out the evidence in any great detail, or to discuss the elementary principles of law referred to in the briefs. It is established beyond question that appellant did not for many years by any means adequately provide for his wife's support and maintenance. In fact for long periods of time it appears he made no provision whatsoever therefor, and that he was not supporting her at the institu-

tion of the suit. The record discloses that he is worth something like $20,000. No declarations of law were asked, and none were given; and no error is assigned touching the admission and exclusion of evidence. There is ample evidence to sustain and justify the result reached by the lower court, and this court cannot disturb the judgment. And even though we were not bound by the finding of the trial court, a careful examination of the record convinces us that plaintiff, under the evidence, was entitled to a judgment for her separate maintenance, and that the court below properly determined the issues.

For the reasons given above the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.